UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| International Diamond Importers, Inc. d/b/a IDI Design and Meira T. Designs, | Civil Action No: 14-CV-3506(SAS) |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| -against- | |
| Oriental Gemco (NY), Inc., Oriental Gemco HK Co., Oriental Gemco Pvt. Ltd., United Gemco, Inc., and N.K. Nigam, | (JURY TRIAL DEMANDED) ECF CASE |
| Defendants. | |

-----------------------------------------------------------------X

International Diamond Importers, Inc. d/b/a IDI Design and Meira T. Designs ("Plaintiff" or "Meira T"), by its attorneys, as and for its First Amended Complaint respectfully alleges as follows:

### Overview of the Dispute

1. Meira T brings this action to enjoin Defendants Oriental Gemco (NY), Inc.'s ("Oriental NY"), Oriental Gemco HK Co.'s ("Oriental HK"), Oriental Gemco Pvt. Ltd.'s ("Oriental India") (Oriental NY, Oriental HK and Oriental India are collectively referred to as "Oriental"), N.K. Nigam's ("Nigam"), and United Gemco, Inc.'s ("Gemco") (collectively referred to as "Defendants") ongoing and willful efforts to market and sell a jewelry line, which is strikingly and confusingly similar to Meira T's signature jewelry line with off-centered asymmetric jewelry. Defendants have intentionally and willfully copied many of Meira T's off-centered asymmetrical line jewelry pieces, designs and the overall look and feel of the Meira T jewelry that makes it instantly recognizable to customers. Upon information and belief, Defendants have been displaying and accepting orders at trade shows and at their stores and plan to display this jewelry at the JCK trade show from May 30 to June 2, 2014 in Las Vegas. Unless immediately enjoined, Defendants' intentional and continued

infringement of Meira T's copyrights and trade dress rights will damage the value of Meira T's name, alienate Meira T's retailers that have invested time and money in the Meira T jewelry line relying on its distinctiveness, and undermine Meira T's investment of time, money and creativity in the asymmetrical jewelry line.

2. This is an action for copyright infringement under the Copyright Laws of the United States, trade dress infringement/false association under the Lanham Act, unfair competition, and misappropriation under the laws of the State of New York. Meira T. seeks a preliminary and permanent injunction to enjoin Defendants from infringement of Meira T's rights. Meira T also seeks an award of damages for Defendants' unlawful conduct.

3. Count I arises under the Copyright Laws of the United States, 17 U. S.C. § 501 et seq. Counts II and III arise under the Federal Trademark Act of 1946, 15 U.S.C. § 1051 et seq. Accordingly, subject matter jurisdiction for these claims is conferred properly upon this Court by virtue of 17 U.S.C. §501 et seq. and 15 U.S.C. §1121, as well as 28 U.S.C. §§ 1331 and 1338 (a).

4. Counts IV–V arise under the statutes of the State of New York and are claims joined with substantial and related claims under the Copyright and Trademark Laws of the United States. Accordingly, subject matter jurisdiction over them is conferred on this Court by virtue of 28 U.S.C. § 1338 (b) and the doctrine of pendent and supplemental jurisdiction as well as 28 U.S.C.§ 1367.

5. This Court has jurisdiction under 28 U.S.C.A. §§ 1331 (general federal question jurisdiction), 1332 (diversity jurisdiction), 1338(a) and (b) (specific federal question jurisdiction), and 1367(a) (supplemental jurisdiction) because this action involves the infringement of federally registered copyrights and because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 28 U.S.C. §1400.

### Parties

7. Meira T is a corporation duly organized and validly existing under the laws of the State of New York with its principal place of business at 17 East 48th Street, Suite 401, New York, New York 10017.

8. Upon information and belief, Defendant Oriental NY located at 56 West 45th Street, Suite 1400, New York, New York 10036. Upon information and belief, Oriental NY manufactures and distributes jewelry to jewelry stores and directly to consumers. Oriental NY markets the infringing products line to distributors, retailers, and ultimately to customers in New York in this Federal District and throughout the United States.

9. Upon information and belief, Defendant Oriental HK located at Room 1305 13/F, Peninsula Square, 18 Sung On Street, Hunghom, Hong Kong. Upon information and belief, Oriental HK manufactures and distributes jewelry to jewelry stores and directly to consumers. Oriental HK markets the infringing products line to distributors, retailers, and ultimately to customers in New York in this Federal District and throughout the United States.

10. Upon information and belief, Defendant Oriental India located at 13 Chetak Marg, Near JK Lone Hospital, Teenmurti Circle, Jaipur 302004, India. Upon information and belief, Oriental India manufactures and distributes jewelry to jewelry stores and directly to consumers. Oriental India markets the infringing products line to distributors, retailers, and ultimately to customers in New York in this Federal District and throughout the United States.

11. Upon information and belief, Defendant Nigam is the owner and principal officer of Oriental, with an office and place of business at 56 West 45th Street, Suite 1400, New York, New

York 10036, and is responsible for the control, management, operation, and maintenance of the affairs of Oriental NY, Oriental HK and Oriental India. The acts and wrongful conduct complained of were done with Nigam's active assistance, cooperation, acquiescence and procurement, and he derives financial benefit therefrom.

12. Upon information and belief, Defendant Gemco is located at 56 West 45th Street, Suite 1400, New York, New York 10036. Gemco manufactures and distributes jewelry to jewelry stores and directly to consumers. Gemco markets the infringing products line to distributors, retailers, and ultimately to customers in New York in this Federal District and throughout the United States.

### Meira T Jewelry Designs

13. Meira T is engaged in the business of manufacturing, marketing, advertising and selling throughout the United States and the world, unique high quality jewelry and accessories it has created and designed.

14. Meira T's designer, Meira Tugendhaft, has been designing, creating, making and selling a wide variety of quality jewelry and artistic products, combining diamond, gold and precious stones with original design.

15. Meira T's jewelry designs are protected by U.S. copyright registrations and its signature asymmetrical off-center designs have become well-known to the consuming public and trade as distinctive and identifying the source of Meira T's products.

16. Meira T is the owner of United States Copyright Registrations Nos. VA 1-839-495, VA 1-862-202, VA 1-874-006, and Copyright Applications titled Summer 2011 Earrings, Fall 2011 Earrings and 2012 Earrings ("Meira T Copyrights"), covering the designs in this matter sold by Defendants. Copies of the Certificates of Registration are attached respectively as Exhibits A-F.

### Meira T's Trade Dress

17.     Meira T's jewelry is known for its distinctive pieces that have an asymmetric off-center look with disproportionate number and size of pendants on either side of a large center piece. That is its signature style (the "Meira T Collection").

18.     Meira T's trade dress incorporates a distinctive off-center asymmetric design comprising a large center jewel or piece with the size and/or quantity of pendants on one side being greater than the other side ("Meira T Trade Dress"). A close-up of an example of the Meira T Trade Dress is depicted below:



19.     Meira T's expert craftsmen, goldsmiths and other artisans manufacture the designs created by Meira T. The level of expert workmanship exercised by these individuals is superior and conforms to the strict standards set by Meira T.

20. Through efforts of Meira T's extensive marketing campaign, the Meira T Trade Dress has become distinctive and has obtained secondary meaning such that customers who encounter the trade dress will associate the product with a single source – Meira T.

21. Over the years, the Meira T Collection and the Meira T Trade Dress have generated more than Ten Million Dollars ($10,000,000) in sales.

22. Meira T has expended substantial resources promoting the distinctive Meira T Trade Dress. It is instantly recognizable to its purchasing public.

23. The Meira T Collection is only sold in the most prestigious stores in the United States, London, Japan, Hong Kong, and Singapore in select department stores such as Saks Fifth Avenue, Bloomingdales, Barneys, Harrods and Neiman Marcus. Meira T's products are also sold in fine boutiques throughout the United States, including those in Manhattan, New York and Hollywood, California.

24. Meira T has spent substantial sums of money advertising its products to the jewelry industry, retail outlets and the consuming public in newspapers and magazines and by participating in trade shows, in-store appearances known as "trunk shows" and in direct mail and electronic mail campaigns. Works designed by Meira T have been praised and recognized in numerous articles appearing in both trade and general publications for its unique, distinctive asymmetric off-centered jewelry line (the "Meira T Trade Dress").

25. Meira T promotes the Meira T Collection and Meira T Trade Dress at national and international gift shows, including *JA Show New York*, *JCK Las Vegas Show*, *Baselworld- The Watch and Jewelry Show*, *Hong Kong International Jewelry Show* and other jewelry shows in the United States and around the world.

**Defendants' Infringing Activities**

26.     Defendants utilize similar or identical features in their products and accessories to the Meira T Trade Dress, and this gives Defendants' jewelry a confusingly similar look that is intended to mimic the Meira T Trade Dress and Meira T Copyrights ("Infringing Products"). Below are examples of Meira T's copyrighted pieces and its trade dress (on the left) and Defendants' accused jewelry pieces (on the right).

27.     The following Gemco Infringing Products and Oriental Infringing Products infringe on Meira T Copyrights and Meira T Trade Dress:



| Meira T's Copyrighted Designs and Trade Dress | Gemco Infringing Products |
|---|---|

| Meira T's Copyrighted Designs and Trade Dress | Oriental Infringing Products |
|---|---|
|  | |

28. The following Oriental Infringing Products infringe on Meira T Copyrights:

| Meira T's Copyrighted Designs | Oriental Infringing Products |
|---|---|
|  | |





29.     Defendants continue to display Plaintiff's copyrighted work at their store and at trade shows in New York, Las Vegas and other countries.

30. Meira T's counsel has repeatedly written to Oriental NY requesting that it cease and desist from promoting and selling the Infringing Products. Oriental HK and Oriental India continue displaying, promoting and selling the Infringing Products.

31. In disregard of these written requests, Defendants continue to actively display and sell the Infringing Products at trade shows and in their stores.

32. Defendants' actions constitute, among others, copyright infringement and trade dress infringement and have caused and will continue to cause Plaintiff irreparable harm and injury unless enjoined by this Court.

33. By reason of Defendants' infringement of the Meira T Copyrights and Meira T Trade Dress in the Meira T Collection, Defendants have derived revenues and profits attributable to said infringement, the amount of which has yet to be ascertained. Plaintiff also has suffered actual damages, including lost profits, in an amount yet to be ascertained, and irreparable harm to its copyrighted designs and trade dress and its goodwill, reputation, market share and advantageous business relationships.

## COUNT I
### (COPYRIGHT INFRINGEMENT)

34. Meira T repeats and re-alleges every allegation contained in paragraphs 1 through 33 of this First Amended Complaint as if fully set forth herein.

35. Meira T is the owner of the Meira T Copyrights registered in or duly submitted to the United States Copyright Office, and is entitled to the exclusive manufacture and sale of copies of its copyrighted designs.

36. Meira T has duly complied in all respects with the provisions of Title 17 of the United States Code, and has secured the rights and privileges accorded to the works protected by the copyright laws of the United States.

37. Given the widespread popularity and dissemination of Meira T designs and the advertising thereof, Defendants had access to the works.

38. Upon information and belief, Defendants have knowingly infringed upon some or all of Meira T's Copyrights in its designs by making, distributing and selling copies of the Meira T designs to customers and to the public in the United States in violation of 17 U.S.C. §§ 501 and 106.

39. Defendants continue to willfully infringe Meira T's rights under copyright(s) lawfully granted to it by distributing, selling or offering for sale imitations or copies of Meira T's product(s).

40. Defendants' willful and knowing sale of jewelry products, which directly copy designs for which Meira T owns copyright registrations, is in violation of 17 U.S.C. § 106.

41. As a result, Meira T is entitled to (a) injunctive relief pursuant to 17 U.S.C. § 502, (b) have the unauthorized copies of the Meira T's Designs impounded pursuant to 17 U.S.C. § 502 and (c) damages, profits, costs and attorneys' fees pursuant to 17 U.S.C. §§ 504 and 505.

42. Unless Defendants are enjoined from continuing the aforementioned illegal acts, Meira T will continue to suffer irreparable harm.

43. Meira T has suffered and continues to suffer damages from Defendants' aforementioned illegal acts in an amount to be proven at trial herein.

## COUNT II
### (TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT SECTION 1125(a) (43(a))

44. Meira T repeats and re-alleges every allegation contained in paragraphs 1 through 43 of this First Amended Complaint as if fully set forth herein.

45. By reason of the marketing and advertising of the Meira T Trade Dress, the unsolicited press coverage generated for these products at the trade and consumer levels, and the distinctive products comprising the Meira T Trade Dress, the products of the Meira T Trade Dress are recognized by the trade and consumers as being products of a single source – Meira T.

46. Meira T has created a distinctive image for the Meira T Collection that serves to identify the products in the minds of consumers. This distinctive image consists of the asymmetric off-centered jewelry designs with a large center piece or jewel and jewelry pieces of varying size and quantity suspended on either side of the center piece that are displayed on websites, and other promotional material provided to retailers. These elements create an overall look and total image that constitutes the Meira T Trade Dress protected under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. The Meira T Trade Dress is distinctive and is recognized by consumers as identifying the source of Meira T jewelry. MeiraT has expended significant resources to promote this connection in the minds of consumers as part of an overall strategy to establish Meira T's standing in the market among women as unique asymmetric jewelry. As a result of these efforts, Meira T has enjoyed remarkable success in the United States and internationally.

48. Defendants are attempting to sell their Infringing Products through the same distribution channels used by Meira T. Defendants market their Infringing Products to the same category of consumers – women interested in high quality, distinctive jewelry.

49. The Meira T Trade Dress has become widely known among purchasers as articles that are designed and manufactured by Meira T. The articles are known to be quality items, with distinctive designs, made with precious materials, and embodying expert craftsmanship.

50.  The goodwill of Meira T and favorable reputation residing in the Meira T Trade Dress is a valuable asset belonging to Meira T, whose value does not lend itself to exact quantification but is over $5,000,000.

51.  Defendants, with knowledge of the widespread recognition of the Meira T Trade Dress among the relevant segment of the market and with the specific intent to exploit that recognition, have made and sold copies of the jewelry all having the distinctive Meira T Trade Dress.

52.  Defendants' unlawful conduct has led to the ultimate purchasers believing that Defendants' copies with the Meira T Trade Dress are made by Meira T and that persons who see Defendants' copies being worn by Defendants' ultimate purchasers believe that the copies emanate from Meira T.

53.  Defendants' willful and knowing sale of look-alike Meira T Trade Dress, has caused or is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Meira T, or as to the origin, sponsorship, or approval of Defendants' goods, services or commercial activities by Meira T in violation of 15 U.S.C. § 1125(a).

54.  As a result, Meira T is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and recovery for violation of its rights including Defendants' profits, any damages sustained by Meira T, the costs of the action and attorneys' fees pursuant to 15 U.S.C. § 1117.

### COUNT III
### (LANHAM ACT UNFAIR COMPETITION UNDER 1125 (SECTION 43))

55.  Meira T repeats and re-alleges every allegation contained in paragraphs 1 through 54 of this First Amended Complaint as if fully set forth herein.

56. Defendants' distribution and sale of products incorporating the distinctive designs of Meira T's works is likely to cause confusion between such products and the goods sold by Meira T, thus constituting an infringement of Meira T's valuable rights.

57. Upon information and belief, Defendants are offering for sale inferior, Infringing Products, at lower costs, that is confusingly similar to the Meira T Trade Dress, and are knowingly enabling others to do the same, thus deliberately and knowingly falsely describing and representing and diverting Meira T's valuable proprietary rights and goodwill, and the reputation symbolized thereby, thereby unfairly competing with Meira T. Defendants have misappropriated the Meira T Trade Dress and their jewelry lines are virtually identical to Meira T's protected trade dress.

58. Defendants' unfair competition has caused and, if allowed to continue, will continue to cause sales of Meira T's products to be lost and/or diverted to Defendants. Further, Defendants' unfair competition has caused substantial and irreparable damage and injury to Meira T and in particular to its valuable goodwill and reputation, and unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to Meira T.

59. Defendants' manufacture and/or distribution and/or sale of look-alikes of Meira T constitute a misappropriation of Meira T's proprietary interests in the Meira T Trade Dress and Meira T Collection. Meira T has suffered and continues to suffer damages from Defendants' aforementioned illegal acts in an amount to be proven at trial herein.

## COUNT IV
### (VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349 BY DECEPTIVE TRADE PRACTICES)

60. Meira T repeats and re-alleges every allegation contained in paragraphs 1 through 59 of this First Amended Complaint as if fully set forth herein.

61. By adopting and using colorable imitations of the Meira T Trade Dress, Defendants have engaged in activities that deceive or have a tendency to deceive a material segment of the pubic to which Defendants have directed their marketing activities.

62. Upon information and belief, through deceptive acts such as offering for sale inferior Infringing Products at lower costs that is confusingly similar to the Meira T designs, Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers and harm to the public in the State of New York.

63. Upon information and belief, Defendants' conduct is willful and in knowing disregard of Meira T's rights.

64. By virtue of the foregoing, Defendants have engaged in deceptive acts or practices in violation of the New York General Business Law § 349 et seq. as a result of which Meira T is entitled to injunctive relief and damages, including punitive damages, and reasonable attorneys' fees pursuant to New York statutory and common law.

### COUNT V
### (UNFAIR COMPETITION UNDER NEW YORK GENERAL BUSINESS LAW § 360)

65. Meira T repeats and re-alleges every allegation contained in paragraphs 1 through 64 of this First Amended Complaint as if fully set forth herein.

66. Defendants' deliberate and/or intentional manufacture, distribution or sale of look-alike Meira T designs constitutes unfair competition in violation of the New York Unfair Competition Law and General Business Law § 360 for which Meira T has no adequate remedy at law and unless enjoined, will continue to sustain irreparable damage, loss and injury.

67. Meira T is therefore entitled to injunctive relief and damages, including punitive damages.

### PRAYER AND RELIEF

WHEREFORE Meira T respectfully requests the entry of judgment by this Honorable Court adjudging, ordering and declaring:

A. that Defendants, their officers, employees, agents, attorneys and all persons acting in concert, participation or combination with Defendants, be preliminarily and permanently enjoined from infringing upon and using the Meira T Copyrights or any copyrighted design owned by Meira T and from promoting and selling any product substantially similar to the Meira T Copyrights, or any work substantially similar to the copyrighted designs of Meira T;

B. that Defendants be required to pay to Meira T damages in a sum to be determined at trial and to account for all gains, profits and advantages derived by Defendants by their illegal conduct complained of herein;

C. that Defendants, their officers, employees, agents, attorneys and all persons acting in concert, participation or combination with Defendants, be preliminarily and permanently enjoined from imitating, copying, or making unauthorized use of the Meira T Trade Dress, including, without limitation, by manufacturing, reproducing, importing, distributing, displaying, promoting, offering for sale, selling, distributing, importing or exporting products bearing the Meira T Trade Dress or any other jewelry that is confusingly similar to the Meira T Trade Dress;

D. that Defendants, their officers, employees, agents, attorneys and all persons acting in concert, participation or combination with Defendants, be preliminarily and permanently enjoined from using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade, or public to believe that Defendants are associated with Meira T or that any product manufactured, distributed, displayed, promoted, offered for sale, sold, imported

or exported by Defendants is in any manner associated or connected with Meira T, is a genuine product of Meira T, or is authorized, licensed, sponsored or otherwise approved by Meira T;

E. that Defendants, their officers, employees, agents, attorneys and all persons acting in concert, participation or combination with Defendants, be preliminarily and permanently enjoined from engaging in other activity constituting unfair competition with Meira T, or constituting an infringement of the Meira T Copyrights or the Meira T Trade Dress;

F. on all Counts, awarding Meira T the costs of the action, including reasonable attorneys' fees;

G. an order requiring Defendants to impound and to recall all infringing materials, designs, products, molds, models and tools from manufacturers, intermediaries, and all levels of distribution, and to deliver them to Plaintiff or its counsel for destruction;

H. that all other materials, designs, products, molds, models, marketing materials, advertising, postcards, catalogs, sell sheets and tools relating to the Infringing Products and its packaging in the possession or control of Defendants, including all means of production of the infringing works, be delivered and/or destroyed as the Court shall direct;

I. Copyright damages as selected by Plaintiff, either:

(1) the actual damages suffered by Plaintiff as a result of Defendants' infringement of Plaintiff's copyrights and profits derived by Defendants from their infringement of Plaintiff's copyrights; or

(2) maximum statutory damages for infringement of Plaintiff's copyrights;

J. that Defendants be required to pay Plaintiff its costs and attorneys' fees pursuant to the Copyright Act;

K. that Defendants pay damages pursuant to, *inter alia*, 15 U.S.C. § 1117 for trade dress infringement;

L. that Defendants pay multiple damages to justly compensate Plaintiff for willful infringement pursuant to, *inter alia*, 15 U.S.C. § 1117;

M. that Defendants pay costs and attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1117;

N. that Defendants be required to disgorge ill-gotten profits for their damages under the state causes of action in favor of Plaintiff;

O. an order awarding compensatory, multiple and punitive damages, attorneys' fees, costs of suit, and pre-judgment interest; and

P. on all Counts, awarding Meira T such other and further relief as to the Court seems just and proper.

## DEMAND BY JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all claims in this litigation.

Dated:  May 30, 2014
New York, New York

Respectfully submitted,
FELDMAN LAW GROUP, P.C.

By: *[signature]*
Stephen E. Feldman (SF-5630)
Kalpana Nagampalli (KN-2807)
Nupur Shah (NS-1609)
sfeldman@feldman-law.com
kalpana@feldman-law.com
nupur@feldman-law.com
220 East 42nd Street, Suite 3304
New York, New York 10017
(212) 532-8585

*Attorneys for Plaintiff International Diamond Importers, Inc. d/b/a IDI Design and Meira T. Designs*